1  LEON J. PAGE, COUNTY COUNSEL
2  REBECCA S. LEEDS, SENIOR DEPUTY (SBN. 221930)
   Rebecca.Leeds@coco.ocgov.com
3  KAYLA N. WATSON, DEPUTY (SBN 286423)
4  Kayla.Watson@coco.ocgov.com
   333 W. Santa Ana Blvd., Suite 407
5  Post Office Box 1379
   Santa Ana, California  92702-1379
6  Tel.: (714) 834-3300; Fax: (714) 834-2359
7
   Attorneys for Defendant/Intervenor
8  ORANGE COUNTY FLOOD CONTROL DISTRICT
9
   *[Additional counsel and parties on signature page]*
10
11              **UNITED STATES DISTRICT COURT**
12    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
13
14 ENDANGERED HABITATS              Case No. 2:16-CV-09178-MWF-E
   LEAGUE; and CENTER FOR
   BIOLOGICAL DIVERSITY,            **NOTICE OF MOTION AND**
15                                  **MOTION TO INTERVENE AS OF**
        Plaintiffs,                 **RIGHT, OR IN THE**
16                                  **ALTERNATIVE PERMISSIVE**
        v.                          **INTERVENTION;**
17                                  **MEMORANDUM OF POINTS AND**
   U.S. ARMY CORPS OF ENGINEERS,    **AUTHORITIES IN SUPPORT**
18                                  **THEREOF**
        Defendant.
19 _____      **[Fed. R. Civ. P. 24(a) and (b)]**
   SAN BERNARDINO VALLEY
20 MUNICIPAL WATER DISTRICT; and
   SAN BERNARDINO VALLEY            The Hon. Michael W. Fitzgerald
21 WATER CONSERVATION               Trial Date:    None Set
   DISTRICT,
22
        Plaintiffs and Intervenors,  Date:       February 26, 2018
23                                   Time:       10:00 a.m.
24 _____
   ORANGE COUNTY FLOOD
25 CONTROL DISTRICT; SAN
   BERNARDINO FLOOD CONTROL
26 DISTRICT; RIVERSIDE COUNTY
   FLOOD CONTROL AND WATER
27 CONSERVATION DISTRICT,
28      Defendants and Intervenors.
   _____

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1　TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2　　PLEASE TAKE NOTICE that on February 26, 2018, at 10:00 a.m., or as

3　soon thereafter as the matter may be heard in the courtroom of the Honorable

4　Michael W. Fitzgerald, the Orange County Flood Control District, San Bernardino

5　Flood Control District and the Riverside County Flood Control and Water

6　Conservation District (collectively the "Flood Control Districts") shall apply to the

7　court for leave to jointly intervene in the above-captioned lawsuit as a matter of

8　right in accordance with Federal Rule of Civil Procedure 24(a)(2), , or in the

9　alternative, for an order allowing the Flood Control Districts permissive intervention

10　under Federal Rule of Civil Procedure 24(b).

11　　This Motion is based upon this Notice of Motion and Motion; Consent and

12　Stipulation to Jointly Intervene as Defendants; the Memorandum of Points and

13　Authorities; the Declaration of Paul Jeffrey Ernst; the records and files in this

14　matter; and any other documentary or oral evidence the Court may consider prior to

15　or at the hearing on this Motion.

16　　This Motion is made following a December 8, 2017, conference of counsel in

17　accordance with L.R. 7-3 of this Court, which conference occurred more than seven

18　(7) days prior to the filing of this Motion.

19

20　Dated: January 23, 2018　　　　Leon J. Page, County Counsel
　　　　　　　　　　　　　　　　　　Rebecca Leeds, Senior Deputy
21　　　　　　　　　　　　　　　　　Kayla N. Watson, Deputy

22

23

24　　　　　　　　　　　　　　By:　　　/s/ Kayla N. Watson
25　　　　　　　　　　　　　　　　　　Kayla N. Watson
　　　　　　　　　　　　　　　　　　Attorneys for Defendant-Intervenor
26　　　　　　　　　　　　　　　　　ORANGE COUNTY FLOOD CONTROL
　　　　　　　　　　　　　　　　　　DISTRICT
27

28

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1 | Dated: January 23, 2018

Greg Priamos, County Counsel
Karin Watts-Bazan, Asst. County Counsel
Tiffany North, Chief Deputy

By: _____ */s/ Karin Watts-Bazan*
Karin Watts-Bazan
Attorneys for Defendant-Intervenor
RIVERSIDE COUNTY FLOOD
CONTROL AND WATER
CONSERVATION DISTRICT

DATED: January 23, 2018

Michelle D. Blakemore, County Counsel
Sophie A. Akins, Deputy County Counsel
Joshua A. Bloom, Meyers Nave Riback Silver
& Wilson Plc

By: _____ */s/ Joshua A. Bloom*
Joshua A. Bloom
Attorneys for Defendant-Intervenor SAN
BERNARDINO FLOOD CONTROL
DISTRICT

NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

## TABLE OF CONTENTS

I.  INTRODUCTION AND FACTUAL BACKGROUND.........................1

II. ARGUMENT.........................................................................4

   A. THE FLOOD CONTROL DISTRICTS ARE ENTITLED TO
      INTERVENE AS A MATTER OF RIGHT IN THIS ACTION............4

     1.  The Flood Control Districts' Motion to Intervene is Timely.........5

     2.  The Flood Control Districts Have a "Significantly Protectable
        Interest".......................................................................6

     3.  The Flood Control Districts' Interests Will Be Impaired.............8

     4.  The Flood Control Districts' Interests Are Not Adequately
        Represented by Any Partied to the Litigation..........................8

   B. IN THE ALTERNATIVE, THE FLOOD CONTROL DITRICTS
      SHOULD BE GRANTED PERMISSIVE INTERVENTION..........10

III.  CONCLUSION.....................................................................11

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

2:16-CV-09178-MWF-E

# **TABLE OF AUTHORITIES**

**CASES**

*Arakaki v. Cayetano,* 324 F.3d 1078 (9th Cir. 2003)..........................4, 5, 6, 7, 9

*Associated Gen. Contractors of California v. Sec'y of Commerce of U.S. Dep't of Commerce,* 77 F.R.D. 31 (C.D. Cal. 1977)...............................................5

*Bureerong v. Uvawas,* 167 F.R.D. 83 (C.D. Cal. 1996)...............................10

*California ex rel. Lockyer v. United States,* 450 F.3d 436 (9th Cir. 2006).............7

*Donnelly v. Glickman,* 159 F.3d 405 (9th Cir. 1998).....................................4

*League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297 (9th Cir. 1997)......5

*Northwest Forest Resource Council v. Glickman,* 82 F.3d 825 (9th Cir. 1996).......5

*Sierra Club v. EPA,* 995 F.2d 1478 (9th Cir. 1993)...............................6, 7, 8

*Southwest Ctr. for Biological Diversity v. Berg,* 268 F.3d 810 (9th Cir. 2001).....4, 9

*Spangler v. Pasadena City Board of Educ.,* 552 F.2d 1326 (9th Cir. 1977)..........10

*U.S. v. Alisal Water Corp.,* 370 F.3d 915 (9th Cir. 2004)................................5

*U.S. v. Carpenter,* 298 F.3d 1122 (9th Cir. 2002)........................................6

*U.S. v. City of Los Angeles,* 288 F.3d 391 (9th Cir. 2002).............................10

*Venegas v. Skaggs,* 867 F.2d 527 (9th Cir. 1989).......................................10

*Wilderness Soc. v. U.S. Forest Service,* 630 F. 3d 1179 (9th Cir. 2011)..............7

*Yniquez v. Arizona,* 939 F.2d 727 (9th Cir. 1991).......................................8

**STATUTES**

16 U.S.C. § 1531.........................................................................10

16 U.S.C. § 1536........................................................................2, 7

28 U.S.C. § 1331.........................................................................10

**RULES**

Federal Rule of Civil Procedural, Rule 24(a)...............................4, 5, 8, 9

Federal Rule of Civil Procedural, Rule 24(b)...............................4, 10

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

2

## OF MOTION TO INTERVENE

3 I.     **INTRODUCTION AND FACTUAL BACKGROUND**

4        This Motion is brought jointly by the Orange County Flood Control District,

5 San Bernardino Flood Control District and the Riverside County Flood Control and

6 Water Conservation District (collectively the "Flood Control Districts").

7        The Water Resources Development Act 1986 (Public Law 99-662) authorized

8 construction of the Santa Ana River Mainstem Project ("Project").  The purpose of

9 the Project is to provide urban flood protection to the more than three million

10 affected residents of Orange, Riverside and San Bernardino Counties. The Seven

11 Oaks Dam is a critical feature of the Project.  The Flood Control Districts are legal

12 owners and operators of the Seven Oaks Dam.  Declaration of Paul Jeffrey Ernst

13 ("Ernst") at ¶ 2.

14        On December 14, 1989, the Flood Control Districts entered into a Local

15 Cooperation Agreement ("LCA") with the U.S. Army Corps of Engineers ("Corps")

16 to share in financing the costs and salvage value of lands, easements, rights-of-way,

17 relocations and disposal sites as necessary for the Seven Oaks Dam feature of the

18 Project. *Id.* at ¶ 3.  As part of the LCA, responsibility for "operating, repairing,

19 maintaining, replacing, and rehabilitating" the respective features of the Project,

20 including the Seven Oaks Dam, was transferred to the respective Flood Control

21 District(s).  LCA, §II.B.  Moreover, the Flood Control Districts became responsible

22 for the "costs for operating, maintaining and rehabilitating mitigation lands" under

23 the Project. *Id.*, § II.L.

24        On May 11, 1993, the Flood Control Districts entered into that certain

25 *Agreement among Orange County Flood Control District, Riverside County Flood*

26 *Control and Water Conservation District, and San Bernardino County Flood*

27 *Control District* (May, 11, 1993), as amended June 17, 1997 ("1993 Agreement"),

28 to provide for maintenance, operation, rehabilitation, and development of elements

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1    of the Project, including Seven Oaks Dam.  Declaration of Ernst at ¶ 5.

2         In accordance with the LCA, the 1993 Agreement, and applicable regulations,

3    the Flood Control Districts operate the Seven Oaks Dam in accordance with the

4    Corps' *Water Control Manual, Seven Oaks Dam & Reservoir, Santa Ana River, San*

5    *Bernardino County, California* (September 2003, as amended) ("Water Control

6    Manual). Declaration of Ernst at ¶ 6. The Water Control Manual specifies that the

7    Flood Control Districts are responsible for the operation and maintenance the Seven

8    Oaks Dam, and that the Corps is responsible for providing flood control regulations

9    but that the Flood Control Districts are "jointly responsible for the regulation of

10   Seven Oaks Dam."  Water Control Manual, ¶¶ 1-05, 1-06. The Water Control

11   Manual reiterates that the Seven Oaks Dam was "constructed for the purpose of

12   providing flood control protection to portions of San Bernardino, Riverside, and

13   Orange Counties, California." *Id.,* ¶ 2-02.  Moreover, the flood control plan

14   associated with Seven Oaks Dam "is designed to work in conjunction with the flood

15   control plan of Prado Dam[.]" *Id.*

16        On December 12, 2016, the Endangered Habitats League and the Center for

17   Biological Diversity filed the present action against the Corps in *Endangered*

18   *Habitats League, et al. v. U.S. Army Corps of Engineers*, Case No. 2:16-CV-09178-

19   MWF-E (C.D. Cal.) (the "Corps Litigation"). The plaintiffs allege that the Corps

20   failed to reinitiate formal consultation with the United States Fish and Wildlife

21   Service ("FWS") under Section 7 of the Endangered Species Act of 1973 ("ESA")

22   (16 U.S.C. sec. 1536(a)(2)), concerning alleged impacts to protected species

23   resulting from the Project, including those alleged to result from operation of the

24   Seven Oaks Dam.

25        On August 29, 2017, the San Bernardino Valley Municipal Water District and

26   the San Bernardino Valley Water Conservation District (collectively "Intervenor-

27   Plaintiffs") moved to intervene as Plaintiffs in the Corps Litigation, which motion

28   the Court granted on September 28, 2017.  Based on the Intervenor-Plaintiffs'

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  complaint, they seek an order directing the Corps to reinitiate formal Section 7

2  consultation with FWS to facilitate the Intervenor-Plaintiffs' interest in water

3  conservation.  Although the water control plan includes mitigation for effects on

4  downstream water users, and flood control is considered when establishing water

5  conservation mechanisms, the objectives sought by the Intervenor-Plaintiffs in this

6  litigation are different from those of the Flood Control Districts. The Flood Control

7  Districts, by their respective charters, are required to ensure flood protection of all

8  downstream communities, including Orange, San Bernardino and Riverside

9  counties, through the entire Project.  Moreover, the Project is intended to

10  specifically provide urban flood protection to surrounding residents. *See* Water

11  Control Manual, ¶ 2-02. Similarly, although laws concerning species and habitat

12  protection are applicable to the actions of both the Corps and the Flood Control

13  Districts, the interest and mission of the Flood Control Districts, while in some

14  instances similar to those of the Corps, are not the same interests of the Corps for

15  the purposes of the Corps Litigation.

16      Therefore, a judgment or other resolution of the Corps Litigation may

17  implicate the operation of the Seven Oaks Dam and other features of the Project for

18  which the Flood Control Districts are responsible, and may significantly impact the

19  ability of the Flood Control Districts to fulfill their respective statutory, contractual,

20  and regulatory responsibilities.  In this respect, all three of the Flood Control

21  District's interests are fully aligned, and they jointly seek to intervene in this matter

22  to ensure that their legal interests are adequately represented in the Corps Litigation.

23      As set forth below, intervention as of right under Federal Rule of Civil

24  Procedure 24(a)(2) is warranted, and in the alternative, it is appropriate for the Court

25  to permit intervention in accordance with Federal Rule of Civil Procedure 24(b).

26  Moreover, all other parties to this action have consented to the Flood Control

27  Districts' intervention as set forth in the Consent and Stipulation to Jointly Intervene

28  that is filed concurrent with this Motion.

## II.    ARGUMENT

Under the Federal Rules of Civil Procedure, intervention is governed by two separate provisions of Rule 24—Fed. R. Civ. P. 24(a) and (b).  A party may intervene as of right under Rule 24(a), or permissively under Rule 24(b).  *Id.* Because the Flood Control Districts satisfy the elements and requirements of both provisions, and the other parties to the action have stipulated to the Flood Control Districts' intervention, the Court should grant the Flood Control Districts' joint motion to intervene.

### A.    THE FLOOD CONTROL DISTRICTS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT IN THIS ACTION

Rule 24(a)(2) gives a person the right to intervene as follows:

> On timely motion, the court must permit anyone to intervene who ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24 "traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano,* 324 F.3d 1078, 1083 (9th Cir. 2003) (*citing Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998)); *Southwest Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 818 (9th Cir. 2001).  In this regard, courts are guided primarily by practical and equitable considerations.  *Id.*  The general purpose of Rule 24(a)(2) is to entitle an absent party to intervene in the action "if he could establish with fair probability that the representation was inadequate."  Fed. R. Civ. P. 24 advisory committee's note.

In light of the Rule, its history and its goals, courts have granted motions to intervene as of right subject to a four-part test: "(1) the applicant must timely move

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  to intervene; (2) the applicant must have a significantly protectable interest relating

2  to the property or transaction that is the subject of the action; (3) the applicant must

3  be situated such that the disposition of the action may impair or impede the party's

4  ability to protect that interest; and (4) the applicant's interest must not be adequately

5  represented by existing parties." *Arakaki*, 324 F.3d at 1083; *Northwest Forest*

6  *Resource Council v. Glickman,* 82 F.3d 825, 836 (9th Cir. 1996).  Failure to satisfy

7  even one of these elements prevents the applicant from intervening as of right.

8  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

9  Here, the Flood Control Districts satisfy each of these requirements.

10  **1.    The Flood Control Districts' Motion to Intervene is Timely**

11  Whether a motion to intervene is timely is determined by the following three

12  factors: (1) the stage of the proceedings, (2) prejudice to other parties, and (3) the

13  reason for and length of any delay.  *U.S. v. Alisal Water Corp.,* 370 F.3d 915, 921-

14  23 (9th Cir. 2004).  "Timeliness is a flexible concept; its determination is left to the

15  district court's discretion." *Id.* at 921 (citations omitted.)  In a particular case, the

16  court must consider all circumstances relating to timeliness.  *Associated Gen.*

17  *Contractors of California v. Sec'y of Commerce of U. S. Dep't of Commerce*, 77

18  F.R.D. 31, 36 (C.D. Cal. 1977).

19  First, the Intervenor-Plaintiffs motion for intervention was granted by the

20  Court on September 28, 2017. Once that motion was granted, but before the Flood

21  Control Districts could file this present motion, (1) each needed to consult

22  internally, (2) all three Districts then needed to coordinate on a joint approach, (3)

23  each Flood Control District, as public entities, thereafter were required to obtain

24  authorization to intervene from their respective governing boards, (4) following that

25  it was incumbent on the Flood Control District meet and confer with the Corps, and

26  (5) lastly, the Flood Control District, as required by this Court's Local Rules, needed

27  to meet and confer with the Plaintiffs and Plaintiff/Intervenors.  Therefore, the Flood

28  Control Districts are filing their joint motion in the timeliest manner possible.

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1    This action is still in the early stages of the proceedings.  The parties have not
2    yet engaged in any discovery or filed any substantive motions.  Courts have granted
3    motions to intervene filed at much later stages of the proceedings and well after the
4    case progressed beyond preliminary discovery.  *See U.S. v. Carpenter,* 298 F.3d
5    1122, 1125 (9th Cir. 2002) (motion to intervene not untimely where applicant filed
6    its motion upon notice that settlement was contrary to their interest even though
7    applicant was made "eighteen months after the complaint was filed, after six months
8    of court-ordered mediation, and four days of settlement negotiations in front of a
9    magistrate.")

10    Moreover, the parties to this action would not be prejudiced by the Court
11    permitting the Flood Control Districts to intervene at this point in the proceedings.
12    Currently, there is a stay of all deadlines until May 1, 2018, pending settlement
13    discussions.  As noted above, no discovery has begun in this matter.  Indeed, the
14    Corps has not yet even filed a responsive pleading to the Plaintiff-Intervenors'
15    complaint, which response is subject to the stay.

16    Because the Flood Control Districts have not delayed in asserting their rights,
17    and because they have met the other requirements for timeliness, the Flood Control
18    Districts have satisfied the timeliness requirement of Rule 24(a).

19              **2.      The Flood Control Districts Have a "Significantly**
20                        **Protectable Interest"**

21    For intervention, the Ninth Circuit requires that the movant have a significant
22    protectable interest.  *Arakaki,* 324 F.3d at 1084 (*citing Sierra Club v. EPA,* 995 F.2d
23    1478, 1484 (9th Cir. 1993).)  Property rights are such "protectable interests" as will
24    support a motion for intervention as of right.  *Sierra Club,* 995 F.2d 1482-83
25    (abrogated on other grounds by *Wilderness Soc. v. U.S. Forest Service,* 630 F.3d
26    1173 (9th Cir. 2011).)  A prospective intervenor need only establish that (1) the
27    interest asserted is protectable under some law, and (2) there is a relationship
28    between the legally protected interest and the claims at issue.  *Arakaki,* 324 F.3d at

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1084. "[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).

Here, as the owners and operators of the Seven Oaks Dam and other features of the Project, the "property or transaction that is the subject of this transaction," the Flood Control Districts have a "significantly protectable interest" in the claims at issue in the present action. The Plaintiffs seek an order directing the Defendants to immediately begin or reinitiate the consultation process with Fish and Wildlife Services pursuant to the Section 7 of the Endangered Species Act ("ESA") (16 U.S.C. § 1536(a)(2)), concerning alleged impacts to protected species within the Project and the Seven Oaks Dam. New or reinitiated consultation could result in operational modifications that would directly affect the Flood Control Districts' interests as the owners and operators of the Seven Oaks Dam and other features of the Project.

Moreover, Plaintiff-Intervenors seek an order directing the Defendants to immediately begin or reinitiate the consultation process pursuant to Section 7 of the ESA regarding the operation of the Seven Oaks Dam for water conservation purposes. Any order to that effect would further directly impact the Flood Control Districts as owners and operators of the Seven Oaks Dam. Specifically, without the Flood Control Districts participation, the case could resolve in a manner that, whether by settlement or judgment, could prevent them from fulfilling the intent of the Project, which is flood control, or otherwise requiring a significant change in both operations and costs to effect such purpose.

As such, the Flood Control Districts' interest in the present action as owners and operators of the "property or transaction that is subject of this transaction," is manifest, and they must therefore be permitted to participate in this action to protect their significant interests.

### 3. **The Flood Control Districts' Interests Will Be Impaired**

Where the district court's disposition of the action may result in "practical impairment," intervention is appropriate. Rule 24 only requires that the proposed intervenor show that the disposition *may* harm its ability to protect its interest and need not show any actual or substantial impairment. Fed. R. Civ. P. 24(a); *Yniquez v. Arizona,* 939 F.2d 727, 735 (9th Cir. 1991).

> Furthermore, if "the lawsuit would affect the use of real property owned by the intervenor by requiring the defendant to change the terms of permits it issues to the would-be intervenor, which permits regulate the use of that real property. These interests are squarely in the class of interests traditionally protected by law." *Sierra Club,* 995 F.2d at 1483.

The Flood Control Districts' ownership and operational interests are directly at issue in the present action. The Plaintiffs and Intervenor-Plaintiffs both seek orders from this Court that, if granted, could impact the Flood Control Districts' ownership and operational rights. As stated above, a judgment against the Defendant or settlement of the action could prevent the Flood Control Districts from fulfilling the intent of the Project, which is flood control for the protection of the more than three million affect residents of the three counties.

Consequently, without intervention, the Flood Control Districts' legal rights and ability to fulfill their obligations would be substantially impaired by disposition of this action.

### 4. **The Flood Control Districts' Interests Are Not Adequately Represented by Any Parties to the Litigation**

A proposed intervenor has the minimal burden of showing that its interest would not be adequately represented by any of the parties to this action. *Arakaki,* 324 F.3d at 1086. To determine adequacy of representation, courts will consider, (1) whether the interest of a party is such that it will undoubtedly make all the

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  intervenor's arguments, (2) whether the present party is capable and willing to make

2  such arguments, and (3) whether a proposed intervenor would offer any necessary

3  elements to the proceedings that other parties would neglect. *Id.* It is sufficient for

4  a proposed intervenor to show that because of a "difference in interests, it is likely

5  that [the existing parties] will not advance the same arguments as applicants."

6  *Southwest Ctr. For Biological Diversity,* 268 F.3d at 824. The general purpose of

7  Rule 24(a)(2) is to entitle an absent party to intervene in the action "if he could

8  establish with fair probability that the representation was inadequate." Fed. R. Civ.

9  P. 24 advisory committee's note.

10      Here, none of the parties to this litigation would represent the Flood Control

11  Districts' interests as owners and operators of the Seven Oaks Dam. The parties to

12  this litigation each have separate interests and agendas. The Plaintiffs state that their

13  purpose is to advocate for species and habitats. The Plaintiff-Intervenors state that

14  their purpose is water conservation. The current Defendant, the Corps, cannot

15  adequately represent the Flood Control Districts' interests—as set forth above, the

16  Corps, through the LCA and Water Control Manual, has transferred ownership,

17  operational, and financial responsibilities of the Seven Oaks Dam to the Flood

18  Control Districts, and acts as a regulator and oversight agency. As such, although

19  the Corps and the Flood Control Districts have similar positions with regard to

20  contesting Plaintiffs' and Plaintiff-Intervenors' allegations that reinitiation of

21  Section 7 consultation is required here, the Corps, as a federal agency and regulator,

22  cannot adequately represent all of the Flood Control Districts' interests, as owners

23  and operators, in the present action.

24      In accordance with Rule 24(a)(2), intervention as of right is appropriate here.

25  //

26  //

27  //

28  //

### B.   IN THE ALTERNATIVE, THE FLOOD CONTROL DISTRICTS SHOULD BE GRANTED PERMISSIVE INTERVENTION

Even if the court concludes that intervention in accordance with Rule 24(a)(2) is not mandated, the Flood Control Districts alternatively seek permissive intervention under Rule 24(b). Fed. R. Civ. P. 24(b).  Permissive intervention is appropriate where three conditions are met: (1) the applicant has its own independent ground for subject matter jurisdiction; (2) the application is timely; and (3) the applicant's claim or defense and the main action have a question of law or a question of fact in common.  Fed. R. Civ. P. 24(b); *U.S. v. City of Los Angeles,* 288 F.3d 391, 403 (9th Cir. 2002).  The existence of a common question is liberally construed.  *Bureerong v. Uvawas,* 167 F.R.D. 83, 85 (C.D. Cal. 1996) (citation).  Once these conditions for permissive intervention are met, it is within the discretion of the court to determine whether intervention is appropriate.  *See Spangler v. Pasadena City Board of Educ.,* 552 F.2d 1326, 1329 (9th Cir. 1977) ("a district court's discretion in this regard is broad").  In making such determinations, courts take into account practical considerations including whether the intervenor's interests are adequately represented by other parties, whether intervention would cause delay or prejudice, and judicial economy.  *Venegas v. Skaggs,* 867 F.2d 527, 530-531 (9th Cir. 1989), aff'd, 495 U.S. 82 (1990).

The Flood Control Districts meet these three preconditions for permissive intervention:

First, the Flood Control Districts grounds for subject matter jurisdiction are based on 28 U.S.C. § 1331 (federal question) and 16 U.S.C. § 1531 *et seq.* (Endangered Species Act).

Second, the application of intervention is timely.  As discussed above, (1) the Flood Control Districts' motion is made as soon as practicable following the court's granting the Plaintiff-Intervenors motion for intervention , (2) the parties have not yet engaged in any discovery, therefore this action is still in the early stages of the

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

2:16-CV-09178-MWF-E
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE

1  proceedings, and (3) all deadlines have been stayed until May 1, 2018. Indeed, the
2  other parties to the action have stipulated to consent to the Flood Control Districts'
3  intervention.

4      Third, common questions of law and fact include the respective rights of the
5  parties regarding the Seven Oaks Dam, whether or not a formal consultation is
6  required pursuant to the ESA, and the implications of such consultation.

7      Accordingly, the Flood Control Districts satisfy all conditions necessary for
8  permissive intervention in the present action, and as the owners and operators of the
9  Dam, the property at issue in this litigation, it is appropriate for the Court to grant
10 permissive intervention in accordance with Rule 24(b).

11 **III.   CONCLUSION**

12     In this case, because the Plaintiffs and Plaintiff-Intervenors seek action
13 against the Corps with respect to the Project and Seven Oaks Dam, which actions
14 would directly impact the Flood Control Districts' legal interests, the Flood Control
15 Districts should be permitted to intervene in order to protect their rights. For the
16 foregoing reasons, the Flood Control Districts respectfully request that this Court
17 grant this Motion for intervention as of right pursuant to Rule 24(a)(2), or in the
18 alternative, that this Court permissively grant the Flood Control Districts' Motion to
19 intervene in accordance with Rule 24(b) to afford the Flood Control Districts, as the
20 owners and operators of the Seven Oaks Dam at issue, the opportunity to protect
21 their interests.

22
23
24
25
26
27
28

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1    Dated:  January 23, 2018                    Leon J. Page, County Counsel
2                                                Rebecca Leeds, Senior Deputy
                                                 Kayla N. Watson, Deputy
3

4

5                                                By:    _/s/ Kayla N. Watson_
6                                                       Kayla N. Watson
                                                        Attorneys for Defendant-Intervenor
7                                                       ORANGE COUNTY FLOOD CONTROL
8                                                       DISTRICT

9    Dated: January 23, 2018                     Greg Priamos, County Counsel
10                                               Karin Watts-Bazan, Asst. County Counsel
                                                 Tiffany North, Chief Deputy
11

12

13                                               By:    _/s/ Karin Watts-Bazan_
14                                                      Karin Watts-Bazan
                                                        Attorneys for Defendant-Intervenor
15                                                      RIVERSIDE COUNTY FLOOD
16                                                      CONTROL AND WATER
                                                        CONSERVATION DISTRICT
17

18

19   DATED: January 23, 2018                     Michelle D. Blakemore, County Counsel
20                                               Sophie A. Akins, Deputy County Counsel
                                                 Joshua A. Bloom, Meyers Nave Riback Silver
21                                               & Wilson Plc

22

23                                               By:    _/s/ Joshua A. Bloom_
24                                                      Joshua A. Bloom
                                                        Attorneys for Defendant-Intervenor SAN
25                                                      BERNARDINO FLOOD CONTROL
26                                                      DISTRICT

27

28

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE